IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY COWAN,                          :
    Plaintiff,                          :
                                         :
    v.                                  :     CIVIL ACTION NO. 21-5557
                                         :
JAMES C. KOSTURA, *et al.*               :
    Defendants.                         :

**<u>MEMORANDUM</u>**

**PADOVA, J.**                                        **JANUARY 3, 2022**

Jeffrey Cowan, a convicted inmate housed at Northampton County Prison ("NCP"), filed this civil action pursuant to 42 U.S.C. § 1983.  Named as Defendants are eleven employees of NCP:  Administrator James C. Kostura, Deputy Warden Mark T. Bartholomew, Administrator John Harmon, Captain David C. Collins, Sr., Lt. Chad Rinker, Lt. Jeremy Ackerman, Investigator Charles Horvath, and Correctional Officers Roger Cruz, Colleen Gahagan, Gilbert D'Angelo, and John Francis.  Cowan seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement.  For the following reasons, the Court will grant Cowan leave to proceed *in forma pauperis* and dismiss his Complaint in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Cowan will be granted the option of proceeding only on the claims that pass statutory screening or filing an amended complaint.

I.      **FACTUAL ALLEGATIONS**

Cowan asserts that on September 27, 2021 he got into an altercation with another inmate. During the altercation, he spit on Defendant Francis.  (ECF No. 3 at 10.)[1]  Francis ordered

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Cowan to put his hands behind his back and, when Cowan failed to do so, Defendant Cruz grabbed him aggressively and also directed him to put his hands behind his back stating "or there's gonna be a problem." (*Id*.) Francis threatened to "f*** me up so I shoved him then Officer Cruz started hitting closed fisted punches to the face." (*Id*.) Francis grabbed his throat, hit Cowan in the back of the head, and Francis and Cruz then hit him while he was on the floor. (*Id*.) Approximately ten correctional officers then responded to the scene and Francis told an officer to use his taser. (*Id*.) Cowan alleges he then complied with the order to put his hands behind his back. (*Id*.)

Defendants D'Angelo and Gahagan escorted Cowan to the medical unit "to take out where the Tazor hit me." (*Id*. at 11.) At the medical unit, Cowan told Defendant Ackerman that the only thing he did was shove Cruz and Defendant Rinker tasered him. (*Id*.) He also told Defendant Horvath that excessive force was used against him but Horvath and Ackerman did not do anything about it. (*Id*.) Cowan later filed a grievance asserting that correctional officers harass and discriminate against him but the grievance was denied. (*Id*.) Cowan also appears to allege that Defendant Collins twice rejected his request to make a personal phone call, which Cowan asserts were to be made to his lawyer. (*Id*.; ECF No. 3-1 at 8, 9.)

Attached to the Complaint is a letter Cowan allegedly sent to Defendant Kostura asking for help with the incident involving Defendant Cruz and complaining about bias. (ECF No. 3-1 at 2.) Attachments also show that Defendant Collins rejected Cowan's request for a change in his risk status. (*Id*. at 10-11.) Finally, attached to the Complaint is a copy of criminal complaint filed against Cowan by Defendant Horvath for simple assault arising from the incident with Cruz. (*Id*. at 12-14.)

Cowan asserts an excessive force claim based on the use of the taser and physical actions used to subdue him after the spitting incident.  (ECF No. 3 at 9.)  He alleges he broke a finger during the incident.  (*Id*.)  He seeks money damages.

## II.   STANDARD OF REVIEW

The Court grants Cowan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Cowan is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] However, because he is a prisoner Cowan will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

### III.    DISCUSSION

Cowan asserts excessive force claims under the Eighth Amendment.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.    Claims against Defendants not involved in the use of force incident.

Cowan names Administrator James C. Kostura, Deputy Warden Mark T. Bartholomew, and Administrator John Harmon as Defendants, presumably because they hold supervisory positions at NCP.  However, he makes no substantive allegations against Defendants Bartholomew and Harmon at all.  The only allegations concerning Kostura is that Cowan wrote him a letter asking for help.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Id.* (*A.M. ex rel. J.M.K.*, 372 F.3d at 586).  Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege

4

personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.'  However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (alteration in original) (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005))).

The claims against Defendants Bartholomew and Harmon are dismissed for failure to state a plausible claim under 28 U.S.C. § 1915(e)(2)(B) since Cowan does not allege that they were involved in the incident he describes.  Defendant Kostura will also be dismissed because the only allegation concerning Kostura is that he failed to respond to Cowan's letter and there is no assertion he was involved in the excessive force incident.  Finally, there is no assertion that any of these Defendants maintained a policy, practice or custom that led to Cowan's injury to allege a plausible basis for supervisor liability against them on that basis.

Defendant Collins was also not personally involved in the excessive force incident and the Eighth Amendment claim against him will be dismissed as well.  But Cowan also alleges that Collins refused to allow him to phone his attorney.  To the extent that Cowan seeks to assert a Sixth Amendment claim against Collins based on the refusal to allow him to phone his attorney, the claim is not plausible as alleged.  *See Gayle v. Harmon*, 207 F. Supp. 3d 549, 554 (E.D. Pa. 2016) ("[W]here the loss of telephone privileges occurred as part of disciplinary measures, and where Plaintiff has not shown that he was denied the ability to communicate with people, including his attorney, through other means, no prejudice or actual injury has been alleged." (citing *Nelson v. Quigley*, Civ. A. No. 15-4670, 2016 WL 2959284, at *2 (E.D. Pa. May 23,

5

2016))).  Cowan does not allege that he was unable to communicate with counsel through other means while he was in disciplinary segregation.

To the extent the claim against Collins is based on his refusal to change Cowan's risk status, the claim is undeveloped and thus cannot proceed past screening.  Cowan does not describe how Collins acted to violate his constitutional rights.  He does not even allege what right he believes was violated, let alone give any specific dates or incidents underlying the claim.  Accordingly, that claim must also be dismissed.

The only allegations against Defendants Ackerman and Horvath are that Cowan gave them his side of the story but they did nothing.  This too is insufficient to allege a claim based on supervisory liability and there is no assertion that they were involved in the use of force incident.  While Cowan attached a copy of a criminal complaint that Horvath initiated against Cowan for assaulting Cruz, he does not state how this act violated his constitutional rights either.  The allegation that Defendants D'Angelo and Gahagan escorted Cowan to the medical unit after the incident ended also fails to allege a plausible constitutional claim.

## B.    Excessive Force Claims

Cowan alleges that Francis, Cruz, and Rinker used excessive force when they subdued him.  The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency.  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  When screening an Eighth Amendment excessive force claim under § 1915, the Court asks whether the prisoner has alleged plausibly that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline."  *Jackson v. Bueno*, Civ. A. No. 20-687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7).  The factors used to determine whether

6

the force applied was excessive include:  "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'"  *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force."  *Id.* at 104.  Thus, the inquiry must be driven by the extent of the force and the circumstances in which it is applied, not by the resulting injuries.  *Id.* at 108; *see also Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).  The Eighth Amendment does not protect against a *de minimis* use of physical force, so long as it is not of a sort "repugnant to the conscience of mankind."  *Brooks*, 204 F.3d at 107 (quoting *Hudson*, 503 U.S. at 9-10).

Defendant Cruz allegedly grabbed Cowan aggressively and directed him to put his hands behind his back due to the spitting incident.  When Cowan failed to comply, Cruz allegedly hit him with closed fisted punches to the face.  Francis allegedly grabbed his throat, hit Cowan in the back of the head, and Francis and Cruz then hit him while he was on the floor.  Cowan alleges he then complied with the order to put his hands behind his back but was tasered by Defendant Rinker.  These allegations are sufficient to pass statutory screening and the Complaint will be served on Cruz, Francis, and Rinker for a responsive pleading.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Cowan's claims against Defendants Kostura, Bartholomew, Harmon, Collins, Ackerman, Horvath, Gahagan, and D'Angelo.  Only the excessive force claims against Defendants Cruz, Francis, and Rinker will proceed.  However, the Court will give Cowan the option of filing an amended complaint if he can cure the defects the Court has identified in his claims against the dismissed Defendants.  In the alternative, Cowan can advise the Court that he opts to proceed only against Cruz, Francis, and Rinker, and the Court will direct service against those Defendants only.  An appropriate Order follows with additional instruction on amendment.

BY THE COURT:

/s/ John R. Padova, J.

_____

JOHN R. PADOVA, J.