IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY COWAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-5557 |
| | : | |
| JAMES C. KOSTURA, *et al.* | : | |
|     Defendants. | : | |

## **ORDER**

**AND NOW**, this 3rd day of January, 2022, upon consideration of Plaintiff Jeffrey Cowan's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), **IT IS HEREBY ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Jeffrey Cowan, #8807, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Cowan's inmate account; or (b) the average monthly balance in Cowan's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Northampton County Prison or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Cowan's inmate trust fund account exceeds $10.00, the Warden of Northampton County Prison or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Cowan's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Northampton County Prison.

4.      The Complaint is **DEEMED** filed.

5.      For the reasons stated in the Court's Memorandum, all claims against Defendants James C. Kostura, Mark T. Bartholomew, John Harmon, David C. Collins, Sr., Jeremy Ackerman, Charles Horvath, Colleen Gahagan and Gilbert D'Angelo are **DISMISSED WITHOUT PREJUDICE**.

6.      The Clerk of Court is **DIRECTED** to send Cowan a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

7.      Cowan is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim with regard to those Defendants who have been dismissed without prejudice.  Any amended complaint shall identify **all** defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Cowan's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-5557.  **If Cowan files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Cowan's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims**.  **Claims that are not included in the amended complaint will not be considered part of this case.**  When drafting his amended complaint, Cowan should be mindful of the Court's reasons for dismissing his claims as explained in the Court's

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Cowan does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Roger Cruz, John Francis, and Chad Rinker **only** with regard to Cowan's claims against them based on excessive force. The Court will terminate all other Defendants from this action. Cowan may also notify the Court that he seeks to proceed on these claims only rather than file an amended complaint. If he files such a notice, Cowan is reminded to include the case number for this case, 21-5557.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ John R. Padova, J.

JOHN R. PADOVA, J.